UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN DONIUS; and RINCON MUSHROOM CORPORATION OF AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; and DOES 1-50, <br><br> Defendants. | Case No.: 3:19-cv-01898-WQH-JLB <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are: (1) the Motion to Remand Back to State Court (ECF No. 53) filed by Plaintiffs Marvin Donius and Rincon Mushroom Corporation of America, Inc. (collectively, "Plaintiffs"); (2) the Motion for Leave to Amend Complaint (ECF No. 54) filed by Plaintiffs; (3) the Motion to Dismiss Plaintiffs' Complaint (ECF No. 55) filed by Defendant the County of San Diego ("Defendant"); and (4) the Motion to Stay Action Pending Resolution of State Court Action (ECF No. 60) filed by Plaintiffs.

**I.      PROCEDURAL HISTORY**

On August 30, 2019, Plaintiffs Marvin Donius and Rincon Mushroom Corporation of America, Inc. ("Plaintiffs") initiated this case by filing a Complaint in the Superior Court

of California for the County of San Diego, where it was assigned case number 37-2019-00045963-CU-PO-CTL. (ECF No. 1-2.)

On October 1, 2019, Defendant filed an Answer. (ECF No. 1-5.) The same day, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. (ECF No. 1.)

On March 12, 2020, the Court issued an Order staying this action "pending resolution of independent proceedings" in *Rincon Mushroom Corp. of America v. Mazzetti*, No. 3:09-cv-2330-WQH-JLB. (ECF No. 34 at 4.)

On August 13, 2024, the Court issued an Order lifting the stay in this action and directing the parties to "file any motion(s) they believe appropriate." (ECF No. 52 at 2.)

On November 6, 2024, Plaintiffs filed the Motion to Remand Back to State Court (the "Motion to Remand"). (ECF No. 53.) The same day, Plaintiffs filed the Motion for Leave to Amend Complaint (the "Motion to Amend"). (ECF No. 54.) On December 2, 2024, Defendant filed a Response in Opposition to Plaintiffs' Motions to Amend and to Remand Back to State Court. (ECF No. 57.) On December 3, 2024, Plaintiffs filed a Reply. (ECF No. 58.)

On November 8, 2024, Defendant filed the Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss"). (ECF No. 55.) On November 13, 2024, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (ECF No. 56.)

On May 2, 2025, Plaintiffs filed the Motion to Stay Action Pending Resolution of State Court Action (the "Motion to Stay"). (ECF No. 60.) The docket reflects that Defendant's Response in Opposition to the Motion to Stay—which is not due until May 25, 2025—has not yet been filed.

## II. DISCUSSION

### a. Motion to Amend

Plaintiffs request leave to file a First Amended Complaint to allege a quiet title action and an inverse condemnation action, since most of the "claims contained in the original action are moot." (ECF No. 54 at 2.) Plaintiffs note that they have simultaneously filed a

"motion to remand back to state court, since these claims belong in state court and do not raise a federal question." (ECF No. 54-1 at 4.) Plaintiffs attached the [Proposed] Verified First Amended Complaint to their Motion. (*See* ECF No. 54-2 at 4–57.)

### i. Legal Standard

Federal Rule of Civil Procedure 15 mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

### ii. Discussion

Plaintiffs contend that judicial policy favors granting them leave to amend and that their amended claims are timely. (ECF No. 54-1 at 5–6.) Defendant opposes the amendment, asserting it is futile and unrelated to the facts alleged in the original Complaint. (ECF No. 57 at 5–9.)

Having reviewed the parties' submissions, the Court finds that Defendant has not made the requisite "strong showing" of prejudice by the amendment or demonstrated that

the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis omitted); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare.").

Accordingly, Plaintiffs' Motion to Amend (ECF No. 54) is granted. The [Proposed] Verified First Amended Complaint (the "FAC") (ECF No. 54-2 at 4–57) is deemed filed and is now the operative complaint in this action.

### b. Motion to Remand

Plaintiffs contend that if the Court grants the Motion to Amend, it must also grant the Motion to Remand, as the Court would lack subject matter jurisdiction over the remaining state-law claims. (ECF No. 53-1 at 5.) Defendant contends that Plaintiff should not be given leave to amend the Complaint and that instead, this action should be dismissed with prejudice, as "there is absolute certainty that the state court would dismiss the action following any remand." (ECF No. 57 at 10.)

On January 15, 2025, the United States Supreme Court held in *Royal Canin U.S.A., Inc. v. Wullschleger*, that when a plaintiff amends a complaint post-removal to eliminate all federal claims, the district court is divested of supplemental jurisdiction over any remaining state-law claims. 604 U.S. 22, 30–31 (2025). Because the Court has granted Plaintiffs' Motion to Amend (ECF No. 54) and the now-operative FAC asserts only state-law claims, (*see* ECF No. 54-2), the Court now lacks subject matter jurisdiction over this action and accordingly grants Plaintiffs' Motion to Remand (ECF No. 53).[1]

### c. Motion to Dismiss and Motion to Stay

Because the Court has granted Plaintiffs' Motion to Amend (ECF No. 54) and Motion to Remand (ECF No. 53), Defendant's Motion to Dismiss (ECF No. 55) the

---

[1] The Court notes that Plaintiffs also contend that this action does not satisfy the requirements for diversity jurisdiction. (*See* ECF No. 53-1 at 6 (referencing diversity jurisdiction and stating that "none exists here").)

non-operative Complaint and Plaintiffs' Motion to Stay this action pending the resolution of a state court action (ECF No. 60) are denied as moot.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 54) is granted. The FAC (ECF No. 54-2 at 4–57) attached to the Motion to Amend is now the operative complaint.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 53) is granted. This case is remanded to the Superior Court for the State of California, County of San Diego, where it was originally filed as Case No. 37-2019-00045963-CU-PO-CTL.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 55) and the Motion to Stay (ECF No. 60) are denied as moot, without prejudice to refiling in state court.

The Clerk of the Court shall close this case.

Dated: May 14, 2025

Hon. William Q. Hayes
United States District Court